IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01929-TPO

UNITED STATES OF AMERICA,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, and
DENVER POLICE DEPARTMENT,

     Defendants.

_____

**DEFENDANTS' MOTION TO EXTEND THE DEADLINE TO RESPOND TO PLAINTIFF'S COMPLAINT**

_____

Defendants submit this motion to extend the current June 8, 2026, deadline to respond to Plaintiff's complaint until July 23, 2026. Plaintiff opposes this request. In support of their request, Defendants state as follows:

1.    Plaintiff filed its complaint on May 5, 2026 (Doc. 1), and Defendants were served on May 18, 2026. Under Fed. R. Civ. P. 12(a)(1)(A)(i), Defendants' response is currently due on June 8, 2026. The Court may extend an existing deadline on a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A).

2.    Defendants are considering filing a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the reasons described below, they request an extension to July 23, 2026.

3.      Two cases currently pending before the Supreme Court involve Second Amendment challenges, and the Court's resolution of those challenges may bear on the issues in Plaintiff's complaint, which asserts a novel use of 34 U.S.C. § 12601 to challenge a local Denver assault weapon ordinance under the Second Amendment. Both *Wolford v. Lopez*, No. 24-1046 (argued Jan. 20, 2026), and *United States v. Hemani*, No. 24-1234 (argued March 2, 2026), involve applying the test articulated in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). The Supreme Court will issue opinions in these cases before its summer recess begins in late June or early July—and given the Court's past practice in similar cases, likely very close to the start of that recess. Each of the Supreme Court's major Second Amendment decisions to date has issued in late June. *See Rahimi*, 602 U.S. 680 (decided June 21); *Bruen*, 597 U.S. 1 (decided June 23); *McDonald v. City of Chicago*, 561 U.S. 742 (2010) (decided June 28); *District of Columbia v. Heller*, 554 U.S. 570 (2008) (decided June 26).

4.      The Supreme Court is also currently considering several petitions for certiorari in Second Amendment cases involving assault weapons and/or large-capacity magazines: *Gator's Custom Guns, Inc. v. Washington*, No. 25-153; *Duncan v. Bonta*, No. 25-198; *Viramontes v. Cook County*, No. 25-238; *National Ass'n for Gun Rights v. Lamont*, No. 25-421; and *Grant v. Higgins*, No. 25-566. Each of these petitions has been relisted multiple times. *Duncan*, for example, has been distributed for 19 conferences, most recently June 4, 2026. Undersigned counsel anticipates that the Supreme Court will issue orders related to these petitions before its summer recess, most likely on or around

2

July 1 or 2 in the orders agreed to during the final "clean-up conference." If the Supreme Court grants certiorari in one of those cases, that will impact the approach Defendants take to their arguments. Conversely, if certiorari is denied with separate or dissenting opinions, the Department of Justice will likely seek to rely on those opinions; the complaint itself relies on two such opinions. *See* Complaint ¶ 27 (relying on opinion dissenting from denial of certiorari in *Friedman v. City of Highland Park*, 577 U.S. 1039 (2015) (mem.)); *id.* ¶ 28 (relying on statement respecting denial of certiorari in *Snope v. Brown*, 145 S. Ct. 1534 (2025) (mem.)). Anticipating those arguments will also impact Defendants' approach.

5.      An extension of time to respond until July 23, 2026, will give Defendants the opportunity to account for the outcome of *Wolford v. Lopez* and *United States v. Hemani* as well as the pending petitions for certiorari in their response to Plaintiff's complaint.

6.      The complaint challenges an ordinance that was originally enacted in 1989. *See* Denver, Colo. Rev. Mun. Code § 38-121(c); *id.* § 38-116(1). The complaint does not seek preliminary relief.

7.      Counsel for Defendants has been working diligently to address the jurisdictional, procedural, and substantive issues raised in this case since first receiving notice of the complaint. However, deadlines in other cases, as well as other professional obligations, necessitate this request. In particular, counsel is involved in preparing amicus briefs in *Commonwealth v. Williams*, No. 1 MAP 2026 (Pa., due June 22, 2026); *Firearms Policy Coalition v. Blanche*, No. 25-11328 (5th Cir., due July 9, 2026); and *Ziegenfuss v. Martin*, No. 26-10302 (5th Cir., due July 22, 2026).

8.      The undersigned counsel conferred with counsel for Plaintiff regarding this request for an extension of time to respond to the complaint. Plaintiff's counsel does not consent to an extension to July 23, 2026. Plaintiff's counsel stated that they would agree to a "three-week extension through and including June 29."

9.      This is Defendants' first request for an extension of the deadline to file their response to Plaintiff's complaint. The requested extension will not affect any other currently set dates.

10.      Counsel for Defendants certify that they are providing a copy of this motion to their clients pursuant to D.C.COLO.LCivR 6.1(c).

WHEREFORE, it is requested that the Court grant Defendants an extension to July 23, 2026, to file their response to Plaintiff's complaint.

Respectfully submitted this 2nd day of June 2026.

<table>
<tr><td></td><td>s/ William J. Taylor, Jr.</td></tr>
<tr><td>Michiko A. Brown</td><td>Janet Carter</td></tr>
<tr><td>City Attorney</td><td>William J. Taylor, Jr.</td></tr>
<tr><td>CITY AND COUNTY OF DENVER</td><td>EVERYTOWN LAW</td></tr>
<tr><td>201 W. Colfax, Dept. 1207</td><td>450 Lexington Avenue, P. O. Box 4184</td></tr>
<tr><td>Denver, CO 80202</td><td>New York, NY 10163</td></tr>
<tr><td>(303) 912-5813</td><td>(646) 324-8215</td></tr>
<tr><td>michiko.brown@denvergov.org</td><td>wtaylor@everytown.org</td></tr>
<tr><td></td><td>ATTORNEYS FOR DEFENDANTS</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

I further certify that on June 2, 2026, the foregoing was served on Defendants via private email addresses sent by undersigned counsel, in compliance with D.C.COLO.LCivR 6.1(c).

s/ William J. Taylor, Jr.
William J. Taylor, Jr.