**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 26-cv-01929-SKC-TPO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, and
DENVER POLICE DEPARTMENT,

Defendants.

---

**DEFENDANTS' UNOPPOSED MOTION FOR PAGE EXTENSION**

---

Pursuant to SKC Civ. Practice Standard 10.1(c)(5), Defendants move for a 15-page extension for the parties' principal briefs concerning a motion to dismiss from Defendants. Defendants request leave to file a 30-page motion to dismiss and leave for Plaintiff United States of America to file a 30-page response to the motion. Plaintiff does not oppose this request. Defendants submit that there is good cause for granting the requested relief and, in support of their request, state as follows:

1. In this lawsuit, Plaintiff claims that Denver's ordinance restricting assault weapons violates the Second Amendment of the United States Constitution and seeks to enjoin enforcement of the ordinance. *See* ECF No. 1 (Complaint), ¶¶ 7, 43, 48. Plaintiff attempts to bring this

challenge to Denver's ordinance under 34 U.S.C. § 12601, which creates a cause of action to sue over "a pattern or practice of conduct by law enforcement officers." 34 U.S.C. § 12601; *see* Complaint ¶¶ 38-45.

2. Plaintiff's attempted use of Section 12601 to bring a facial challenge to a legislative enactment creates significant threshold issues regarding the United States's authority to bring this suit. *Cf. United States v. California*, No. 8:26-cv-01697, 2026 WL 2004372, at *4 (C.D. Cal. July 9, 2026) (finding that "the use of Section 12601 to facially challenge a state criminal law is, at the very least, a novel approach that deviates from the way the statute has historically been enforced").

3. Defendants intend to file a motion to dismiss the claim against them pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The parties have a Zoom call scheduled to confer regarding that motion prior to filing, in accordance with SKC Civ. Practice Standard 7.1B and this Court's Standing Order for Civil Cases.

4. Defendants are making every effort to present their motion as efficiently and concisely as possible. Due the novelty of the claim asserted in Plaintiff's complaint and Defendants' multiple arguments for dismissal, Defendants respectfully request a 15-page extension of the normal length limitations in order to file a 30-page motion to dismiss.

5. Defendants conferred with Plaintiff's counsel, who advised that Plaintiff does not oppose this motion. Plaintiff's counsel requested that Defendants move for an equivalent page extension for Plaintiff's response to Defendants' motion, so that both parties may have 30 pages for their principal briefs.

6. The Court recently granted an equivalent page extension to the parties in *United States v. Colorado*, a case involving a similar attempted use of Section 12601 to challenge a state law restricting large-capacity magazines. *See* No. 1:26-cv-01950-SKC-TPO, ECF Nos. 26, 32.

7. For good cause shown, the Court should grant Defendants' motion, permitting Defendants to file a 30-page motion to dismiss and Plaintiff to file a 30-page response to Defendants' motion to dismiss.

WHEREFORE, it is requested that the Court grant Defendants a 15-page extension to file a 30-page motion to dismiss and Plaintiff a 15-page extension to file a 30-page response to the motion to dismiss.

Respectfully submitted this 17th day of July, 2026.

Michiko A. Brown
City Attorney
CITY AND COUNTY OF DENVER
201 W. Colfax, Dept. 1207
Denver, CO 80202
(303) 912-5813
michiko.brown@denvergov.org

s/ William J. Taylor, Jr.
Janet Carter
William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue, P. O. Box 4184
New York, NY 10163
(646) 324-8215
jcarter@everytown.org
wtaylor@everytown.org

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on July 17th, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

I further certify that on July 17th, 2026, the foregoing was served on Defendants via private email addresses sent by undersigned counsel, in compliance with D.C.COLO.LCivR 6.1(c).

s/ William J. Taylor, Jr.
William J. Taylor, Jr.