**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 26-cv-01929-SKC-TPO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, and
DENVER POLICE DEPARTMENT,

     Defendants.

---

**UNOPPOSED MOTION TO AMEND COMPLAINT**

---

Plaintiff submits this unopposed motion to amend its Complaint. As grounds for this motion Plaintiff states:

**Certification Regarding Conferral**: The undersigned has conferred with counsel for Defendants regarding this motion. Counsel for Defendants has authorized the undersigned to inform the Court that Defendants do not oppose this motion.

**I.  Rule 15(a)'s Liberal Standard**

Federal Rule of Civil Procedure 15(a) instructs courts to "freely give leave" to a party seeking to amend its pleadings. The Supreme Court has emphasized that Rule 15(a)'s "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*. A Court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S.*

*West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  However, a general presumption exists in favor of allowing a party to amend its pleadings.  *Peddada v. Cath. Health Initiatives Colorado*, 2024 WL 4634910, at *3 (D. Colo. 2024) (citing *Foman* 371 U.S. at 182).

## II.    Argument

On July 22, 2026, the parties conferred regarding Defendants' planned motion to dismiss. Defendants stated that they planned to base their motion in part on *We the Patriots, Inc. v. Grisham*, 119 F.4th 1253, 1259 (10th Cir. 2024), in which the court held that redressability was lacking because the plaintiffs' route to relief was blocked when other unchallenged statutes prevented them from engaging in their desired conduct.  Defendants argued that the Denver statute that limits magazine capacity to 15 rounds bars standard-capacity[1] AR-15 rifles independently of the "assault weapon" ban challenged in Plaintiff's complaint.  Plaintiff does not necessarily agree but has decided to challenge the magazine ban because it, too, is unconstitutional.  *See Association of New Jersey Rifle & Pistol Clubs, Inc. v. Attorney General New Jersey*, 2026 WL 2075513 at *25 (3d Cir. July 17, 2026) (en banc) (so-called "large capacity magazine" ban violates Second Amendment).

The Court should grant this motion because of the *Foman* factors have been met.  The proposed amendment is not futile.  It addresses the *Grisham* issue that Defendants cited, and the Court may "allow . . . [a] plaintiff to supply, by amendment to the complaint . . . further particularized allegations of fact deemed supportive of plaintiff's standing."  *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  *See also S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1152 (10th Cir. 2013) (a Court must examine amended complaint in assessing a plaintiff's claims, including the

---

[1] *See Association of New Jersey Rifle & Pistol Clubs, Inc. v. Attorney General New Jersey*, 2026 WL 2075513 at *24 (3d Cir. July 17, 2026) (en banc) ("AR-15s and similar sports rifles in circulation . . . typically come standard with twenty- or thirty-round magazines.").

2

allegations in support of standing).  There has been no undue delay or dilatory motive.  This matter is in its early stages, and Plaintiff immediately acted to address an issue that Defendants raised.  This is the first amendment to the Complaint, and Plaintiff has not acted in bad faith.  Perhaps most importantly, Defendants do not claim they have been prejudiced by the proposed amendment and do not oppose this motion.

## III.     Conclusion

Plaintiff has attached clean and redlined copies of its proposed First Amended Complaint.  For the foregoing reasons, Plaintiff respectfully requests leave to file the attached First Amended Complaint.

DATED: July 24, 2026

Respectfully submitted:

HARMEET K.  DHILLON
Assistant Attorney General
Civil Rights Division

JESUS OSETE
Principal Deputy Assistant Attorney General

R.  JONAS GEISSLER
Deputy Assistant Attorney General

*/s/ Barry K. Arrington*
BARRY K. ARRINGTON
Acting Chief
Second Amendment Section

PATRICK TODD
AUSTIN ARTZ
Trial Attorneys
Second Amendment Section

United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530
Telephone:(202) 304-8447
E-Mail: barry.arrington@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA