# EXHIBIT 4

DENVER
THE MILE HIGH CITY

Department of Law
Miko Brown, City Attorney

1437 Bannock St, Room 353
Denver, CO 80202-5375
p: 720.865.8600
f: 720.865.8796
www.denvergov.org/city_attorney

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division
950 Pennsylvania Avenue, NW-RFK
Washington, D.C. 20530

May 4, 2026

*VIA ELECTRONIC MAIL* (Barry Arrington at Barry.Arrington@usdoj.gov)

Dear Ms. Dhillon:

I am writing in response to your letter dated April 28, 2026 whereby you request that the City and County of Denver ("City") stop enforcing its assault weapons ban contained in Denver Revised Municipal Code Section 38-121(c) ("Ordinance"), declare the Ordinance unconstitutional, and refrain from enacting any similar laws in the future. Your request is baseless, irresponsible, and a clear overreach of the federal government's power.

Denver today is the safest it has been in years, recently recording the sharpest drop in homicides of any large city in the country. Violent crime is down and community trust in police is up. This progress shows that Denver has the right strategies in place to protect its residents. Reversing a common-sense ban that has worked for 37 years and bringing assault weapons back into the City's neighborhoods is not one of them.

Notably, all six federal appellate courts that have considered assault weapons or large-capacity magazine ("LCM") prohibitions following *NYSRPA v. Bruen*, 597 U.S. 1 (2022) have upheld them—specifically, the First, Second, Fourth (en banc), Seventh, Ninth, and D.C. Circuit. While the Tenth Circuit has not yet ruled on an assault weapon or LCM case, in *United States v. Morgan*, 150 F.4th 1339, 1347 (10th Cir. 2025) a three-judge panel unanimously held that a statute precluding the transfer or possession of machineguns did not violate the Appellee's Second Amendment right. In its opinion, the Tenth Circuit squarely rejected the argument you make here—that the number of a certain weapon in private hands is what matters under the Second Amendment. *Id.* It does not. Therefore, even if your bald, unsupported statement that "literally *tens of millions* of AR-15 style rifles" are held by private individuals is true (and you have presented no evidence showing it is), your point is irrelevant.

Relatedly, you may be aware of the failure of Barry Arrington's 2022 lawsuit in Colorado challenging the state's restriction on large-capacity magazines, which he dismissed with prejudice in 2024. According to one of Mr. Arrington's clients, the dismissal occurred because the plaintiffs could not carry their burden of proof under *Bruen*—specifically, according to their press release they were unable to present "critical evidence of the 'common use' of" the magazines Colorado banned.

Further, your reliance on 34 U.S.C. Section 12601 as a basis for your threatened lawsuit is neither compelling nor proper. Congress enacted Section 12601 in the wake of the horrific Rodney King beating to provide the federal government with tools to combat excessive force and other kinds of misconduct in state and local police departments. Your effort to use Section 12601 to mount a facial challenge to the City's democratically-enacted Ordinance flies in the face of text, history, and past practice.

In closing, please rest assured that the City will vigorously defend its Ordinance if challenged. We remain steadfast in our commitment to protecting our community from needless gun violence and weapons of war on our streets while also supporting responsible gun ownership.

Sincerely,

_______________________________

Miko Brown | City Attorney,
City Attorney's Office | City and County of Denver