**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-01929-SKC-TPO

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**CITY AND COUNTY OF DENVER, COLORADO,** and
**DENVER POLICE DEPARTMENT,**

Defendants.

---

# MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, COLORADO AND THE CITY OF AURORA, COLORADO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

---

## CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1(a)

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certifies that, prior to filing this Motion, counsel for the proposed amici curiae conferred with counsel for all parties regarding the relief requested herein. Defendants consent to the filing of the proposed amicus brief. Plaintiff takes no position.

## INTRODUCTION

The Board of County Commissioners of Jefferson County, Colorado ("Jefferson County") and the City of Aurora, Colorado (individually, "Aurora," and collectively, with Jefferson County, "Amici") respectfully move for leave to file an amicus curiae brief in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 33). Amici seek leave to file the accompanying proposed brief,

entitled "Brief of the Board of County Commissioners for the County of Jefferson as Amici Curiae in Support of Defendants' Motion to Dismiss," a copy of which is submitted hereto as Exhibit A.

This case presents questions of first impression regarding the proper scope of 34 U.S.C. § 12601 that have significant implications for local governments throughout Colorado and the nation. Amici, as Colorado local government entities that exercise regulatory authority under state law, offer a unique perspective on the federalism and statutory-interpretation issues raised by the United States' novel use of Section 12601 to mount a facial challenge to local legislation. Amici's proposed brief does not address the Second Amendment merits of Denver's ordinances; rather, it focuses on the structural constitutional and statutory questions regarding the proper relationship between federal enforcement authority and state-created local self-government.

**IDENTITY AND INTEREST OF PROPOSED AMICI CURIAE**

Jefferson County and Aurora are Colorado local government entities entrusted by state law with authority to enact and enforce ordinances addressing public safety, health, welfare, land use, and other matters of local concern.

Amici's interest in this case is not to litigate the Second Amendment merits of Denver's ordinance prohibiting assault weapons and large-capacity magazines, but to address the federalism and statutory-interpretation consequences of the United States' effort to invoke Section 12601 as a vehicle for a facial challenge to local legislation. Section 12601 targets a "pattern or practice of conduct by law enforcement officers," and the United States' theory would convert enactment and general enforcement of local ordinances into potential federal civil-rights violations whenever federal officials characterize those ordinances as unconstitutional.

If accepted, that theory would unsettle the balance between federal authority and state-created local self-government, and invite federal supervision of matters traditionally committed to state and local governments absent a clear statement from Congress. Amici therefore submit their proposed brief to urge the Court to interpret Section 12601 consistently with its text, history, and federalism limits, and to preserve the ability of local governments to address local conditions through duly enacted ordinances unless federal law clearly provides otherwise.

## LEGAL STANDARD

While there is no Federal Rule of Civil Procedure specifically governing amicus curiae participation in district court, "[c]ourts have broad discretion in determining whether to allow participation by amicus curiae." *High Country Conservation Advocs. v. U.S. Forest Serv.*, 333 F. Supp. 3d 1107, 1116–17 (D. Colo. 2018), *vacated and remanded*, 951 F.3d 1217 (10th Cir. 2020). In exercising that discretion, courts apply the same analysis used by appellate courts under Federal Rule of Appellate Procedure 29. *See Sgaggio v. Young*, No. 20-cv-01977-PAB-NYW, 2022 WL 970008, at *3–4 (D. Colo. Mar. 31, 2022). Courts consider: (1) whether the proposed amici are disinterested entities; (2) whether there is opposition to entry of the amicus; (3) whether counsel is capable of making arguments without the amici's assistance; (4) the strength of the information and argument presented by the potential amici; and (5) the usefulness of information and argument presented by the potential amici. *Id.* The usefulness factor is the most important consideration. *See SEC v. Cetera Advisors LLC*, No. 19-cv-2461-MEH, 2020 WL 13470960, at *1, *3 (D. Colo. Aug. 25, 2020).

## ARGUMENT

### A. Amici Offer a Unique Perspective Useful to the Court

Amici satisfy the standard for leave to participate as amici curiae. As Colorado local government entities that exercise regulatory authority under state law, Amici possess a direct, practical understanding of the consequences that would follow from acceptance of the United States' Section 12601 theory. Their perspective is distinct from that of the parties: while Defendants address the legal deficiencies of the United States' complaint, Amici represent local governments that would be affected by the precedent this case may establish.

Amici's proposed brief provides unique information and perspective that can assist the Court beyond the arguments presented by the parties' counsel. Specifically, the proposed brief addresses: (1) the federalism principles governing the relationship between federal enforcement authority and state-created local self-government; (2) the textual and historical limitations of Section 12601 and its inapplicability to facial challenges to local ordinances; and (3) the practical consequences for Colorado local governments if the United States' novel construction of Section 12601 is accepted. *See High Country Conservation Advocs.*, 333 F. Supp. 3d at 1116–17 (amicus participation appropriate where the brief provides "unique information or perspective that can help the court beyond" the parties' presentations).

### B. Amici Are Disinterested Entities

Amici are not parties to this action and have no direct financial or legal interest in its outcome. Their interest is institutional: as local government entities, they seek to preserve the structural allocation of regulatory authority between federal and state/local governments. This institutional interest in federalism and local self-

governance does not render Amici "interested" parties for purposes of the amicus analysis. *See Sgaggio*, 2022 WL 970008, at *4.

### C. The Proposed Brief Will Not Delay Resolution

This Motion is timely because it is filed in connection with Defendants' pending Motion to Dismiss (ECF No. 33) and before the Court has ruled on that motion. Accepting the proposed amicus brief will not delay resolution of the pending motion or otherwise prejudice any party.

### D. The Proposed Brief Complies with Applicable Requirements

The proposed amicus brief complies with applicable page limits and practice standards. To the extent leave is required to file the brief in the form submitted, Amici respectfully request such leave. A copy of the proposed brief is submitted herewith as Exhibit A.

## CONCLUSION

For the foregoing reasons, Jefferson County and Aurora respectfully request that the Court grant leave to file the accompanying Brief of Amici Curiae in Support of Defendants' Motion to Dismiss.

Respectfully submitted,

*<u>/s/ Michael C. Theis</u>*
Michael C. Theis
Edwin E. (Steve) Bruns
Elizabeth A. Och
Hogan Lovells Cadwalader US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202
T: 303-899-7300
F: 303-899-7333
michael.theis@hlc.com
steve.bruns@hlc.com
elizabeth.och@hlc.com
*Counsel for Amicus Curiae*

Pursuant to SKC Standing Order for Civil Cases, I, Michael C. Theis, as the preparer of the above filing, certify that any language drafted by AI (even if later edited by a human) was personally reviewed by the filer or another human for accuracy and all legal citations are to actual, non-fictitious cases or cited authority.

*/s/ Michael C. Theis*
Michael C. Theis

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026 a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, COLORADO AND THE CITY OF AURORA, COLORADO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** was electronically filed and served via CM/ECF on all counsel of record.

*/s/ Michael C. Theis*