**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:26-cv-01929-SKC-TPO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, and
DENVER POLICE DEPARTMENT,

Defendants.

---

**DEFENDANTS' MOTION TO STAY DISCOVERY**

---

## INTRODUCTION

Defendants the City and County of Denver, Colorado and the Denver Police Department (collectively, "Denver") move the Court to stay discovery under Federal Rule of Civil Procedure 26(a)(1) pending resolution of Denver's motion to dismiss, Dkt. 33. Consistent with D.C.COLO.LCivR 7.1(a) and this Court's Standing Order for Civil Cases, Denver conferred with Plaintiff's counsel concerning the relief requested in this motion to stay discovery. Plaintiff's counsel stated that Plaintiff United States of America (the "United States") opposes the requested relief.

In a similar case now before this Court—*United States v. Colorado*, No. 1:26-cv-01950-SKC-TPO—defendants the State of Colorado and the Colorado Department of Public Safety (collectively, the "*Colorado* defendants") have likewise moved to stay discovery pending resolution of their motion to dismiss. *See id.*, Dkt. 39 (D. Colo. Aug. 14, 2026) ("CO Stay Mot."). Except to the extent modified below, Denver adopts and incorporates those arguments into this motion.

As the *Colorado* defendants explained, a discovery stay is particularly warranted here "because the Supreme Court's forthcoming decision in *Viramontes v. Cook County*, No. 25-238 (U.S.), and *Grant v. Higgins*, No. 25-566 (U.S.) (collectively, "*Viramontes*") is likely to impact any discovery in this case, especially expert discovery, and will require the Court to analyze the forthcoming decision as part of its ultimate adjudication of the merits questions, should it survive [the

motion to dismiss].” *Id.* at 3. Courts across the country—including another court in this district—have stayed proceedings pending *Viramontes* in comparable cases, in which plaintiffs challenge the constitutionality of assault weapon and/or large-capacity magazine laws under the Second Amendment. *See id.* at 11 (citing cases); Ex. 1, Minute Order, *Rocky Mountain Gun Owners v. Town of Superior*, No. 1:22-cv-02680-NYW-TPO (D. Colo. Aug. 28, 2026), Dkt. 140. And pursuant to the parties' joint motion, the district court in another challenge to these same Denver laws, as well as the state large-capacity magazine law challenged in *United States v. Colorado*, recently extended the scheduling conference date and all related deadlines by 60 days while the parties consider “the most sensible and efficient approach to discovery and other further proceedings in th[at] action—including whether they might agree to jointly move to stay further proceedings, including all discovery, pending the Supreme Court's resolution of *Viramontes*.” Minute Order, *Elliott v. City and County of Denver*, No. 1:26-cv-02948-NYW-CYC (D. Colo. Sept. 16, 2026), Dkt. 33; Joint Mot. Extend Time Scheduling Conf., *Elliott* (D. Colo. Sept. 11, 2026), Dkt. 31.

Accordingly, the Court should grant this motion and stay all discovery in this case pending resolution of Denver's motion to dismiss.

## ARGUMENT

In this lawsuit, the United States claims that Denver's ordinance restricting assault weapons and large-capacity magazines violates the Second Amendment and

seeks to enjoin enforcement of the ordinance. *See* First Am. Compl., Dkt. 31 ("FAC") ¶¶ 7, 8, 52, 57. The United States attempts to bring a facial challenge to Denver's ordinance under 34 U.S.C. § 12601, which allows the Attorney General to sue over a pattern or practice of law enforcement officer misconduct. As Denver explains in its motion to dismiss, this "novel approach" to Section 12601, *see United States v. California*, No. 8:26-cv-01697, 2026 WL 2004372, at *4 (C.D. Cal. July 9, 2026), fails on jurisdictional, statutory, and pleading grounds. Defs.' Mot. Dismiss First Am. Compl., Dkt. 33 ("MTD") 16-30; *see* Defs.' Reply Supp. Mot. Dismiss First Am. Compl., Dkt. 45 ("MTD Reply"). The amended complaint should thus be dismissed in its entirety and without leave to amend.

Briefing on Denver's motion to dismiss is now complete. And while discovery has not yet commenced, the Court could set a date for the Scheduling Conference at any time, *see* Dkt. 20, which would immediately trigger various discovery obligations, including initial disclosures under Rule 26(a)(1)(A). To avoid the potentially unnecessary and/or premature burdens and expenses of discovery while the dispositive motion is pending, and while the Supreme Court considers *Viramontes*, Denver moves for a stay of all discovery in this case pending resolution of its motion to dismiss.[1]

---

[1] The Court was previously advised of Denver's position that no scheduling conference should be held in this case until after the Court resolves Denver's motion to dismiss. *See* Joint Status Report, Dkt. 21. This motion to stay discovery aligns with that position.

As noted, the *Colorado* defendants recently filed a motion to stay discovery in another case currently before this Court, in which the United States tries to use Section 12601 to facially challenge the state large-capacity magazine law under the Second Amendment. *See* CO Stay Mot. 1-2. Like Denver, the *Colorado* defendants have also moved to dismiss the United States's challenge without leave to amend under Rules 12(b)(1) and 12(b)(6), and they seek a stay of all discovery pending resolution of their motion to dismiss. *See id.* at 1-13.

Given the close similarities between this case and *United States v. Colorado*, and the near-identical bases for staying discovery in both cases, this motion does not repeat in detail all the arguments for a discovery stay already set out in the *Colorado* defendants' motion. *See id.*; Defs.' Reply Supp. Mot. Stay Discovery, *Colorado* (D. Colo. Aug. 28, 2026), Dkt. 42 ("CO Stay Reply"); Notice Supp. Auth. Supp. Mot. Stay Discovery, *Colorado* (D. Colo. Aug. 31, 2026), Dkt. 43. Denver instead adopts and incorporates the *Colorado* defendants' arguments into this motion, as we briefly explain and summarize below. A stay of discovery pending resolution of Denver's motion to dismiss is warranted for those same reasons.

In short, just as in *United States v. Colorado*, each of the five factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934, 2006 WL 894955 (D. Colo. Mar. 30, 2006)—"(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests

of persons not parties to the civil litigation; and (5) the public interest," *id.* at *2—weighs in favor staying discovery. *See* CO Stay Mot. 5-13; *see also Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194, 1205 (D. Colo. 2013) (weighing *String Cheese* factors and finding discovery stay appropriate).

*First*, a stay of discovery pending the Court's resolution of Denver's motion to dismiss will not prejudice the United States. *See* CO Stay Mot. 5-6; CO Stay Reply 3. Denver enacted its challenged assault weapon and large-capacity magazine ordinance almost four decades ago. *See* MTD 3. Thus, like in *United States v. Colorado*, "[h]aving waited [37] years to bring this claim, [the United States] cannot now credibly claim an interest so compelling that discovery must proceed while this Court considers [Denver's] [m]otion to [d]ismiss and determines whether [the United States] even has the authority to bring this action." CO Stay Mot. 5; *see also Hettick Contractors LLC v. AMCO Ins. Co.*, No. 1:20-cv-00412, 2020 WL 14053945, at *2 (D. Colo. Aug. 24, 2020) (explaining that "[p]laintiff's general interest in proceeding expeditiously" is not sufficient to defeat a stay motion where circumstances otherwise favor a stay).

*Second*, the burden on Denver if discovery is not stayed is high. *See* CO Stay Mot. 7-9. As the *Colorado* defendants have explained, discovery in Second Amendment challenges like this one can be extremely time-consuming, expensive, and burdensome. *See id.* at 7-8. And those burdens are particularly acute here because the Supreme Court's forthcoming decision in *Viramontes*, regardless of its

outcome, is likely to provide "analysis and guidance" that "will substantially affect any discovery in this case, especially expert discovery." *Id.* at 8; *cf.* Ex. 2, Order at 1-2, *Yzaguirre v. District of Columbia*, No. 1:22-cv-02256 (D.D.C. July 28, 2026), Dkt. 52 (granting D.C.'s stay motion in a large-capacity magazine case "because the factual issues subject to discovery are intertwined with the legal standard and therefore likely to be affected by the Supreme Court's decision" in *Viramontes*). A stay of discovery is further warranted given the strength of Denver's arguments for dismissal, including on jurisdictional grounds, and the futility of further amendment. *See* MTD Reply 19; CO Stay Mot. 8-9; *see also Morris v. Frontier Airlines, Inc.*, No. 1:25-cv-03912, 2026 WL 63444, at *2 (D. Colo. Jan. 8, 2026) (explaining that "decisions from this District have concluded that stays are generally *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted" (citation omitted)).

*Third*, staying discovery pending resolution of Denver's motion to dismiss would also be more convenient for the Court. *See* CO Stay Mot. 9-12. As this Court has recognized, "[w]here a pending motion may dispose of an action … a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Tiger v. Powell*, No. 1:21-cv-01892, 2022 WL 20595110, at *2 (D. Colo. May 9, 2022) (alteration and omission in original) (citation omitted); *see also Murphy v. Marlow*, No. 1:24-cv-01504, 2024 WL 5671112, at *2 (D. Colo. Sept. 27, 2024) (explaining that because motion to dismiss

"potentially could resolve this civil litigation fully, staying litigation until that ruling furthers the goal of economy and efficiency"). That is particularly so here "where the case is likely to be finally concluded as a result of the ruling" on Denver's motion to dismiss and "where the facts sought through uncompleted discovery would not affect the resolution of the motion." *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *see Valdez v. Monell*, No. 1:21-cv-00860, 2021 WL 4521906, at *3 (D. Colo. Oct. 4, 2021) (citing *Wolf* for the same). The Supreme Court's forthcoming decision in *Viramontes*—which will have no impact on Denver's motion to dismiss on jurisdictional, statutory, and pleading grounds, but likely "will significantly affect discovery in this case, if it is ever necessary"—provides even more reason to conserve this Court's resources pending resolution of the motion to dismiss. *See* CO Stay Mot. 10-12.

*Fourth*, to the extent non-party discovery may be necessary, a stay until the Court resolves Denver's motion to dismiss would benefit those non-parties by relieving them from the burdens of discovery that will likely never be necessary. *See id.* at 12.

*Finally*, there is "a strong public policy in 'avoiding unnecessary expenditures of public and private resources on litigation.'" *Tiger*, 2022 WL 20595110, at *3 (citation omitted). "Given the possibility that this case may be resolved with a ruling on the pending motion to dismiss, … this factor weighs in favor of a stay." *Id.*; *see* CO Stay Mot. 12-13.

## CONCLUSION

Defendants respectfully request that the Court stay discovery pending resolution of their motion to dismiss.

Dated: September 28, 2026

Respectfully submitted,

s/ William J. Taylor, Jr.
Janet Carter
William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue
P.O. Box 4184
New York, NY 10163
(646) 324-8215
jcarter@everytown.org
wtaylor@everytown.org

Michiko A. Brown
City Attorney
CITY AND COUNTY OF DENVER
201 West Colfax Avenue
Suite 1207
Denver, CO 80202
(303) 912-5813
michiko.brown@denvergov.org

Carey R. Dunne
Zack Goldberg
Martha Reiser
FREE AND FAIR LITIGATION GROUP, INC.
266 West 37th Street, 20th Fl.
New York, NY 10018
(646) 434-8604
carey@freeandfair.org
zack@freeandfair.org
martha@freeandfair.org

## CERTIFICATE OF CONFERRAL

I hereby certify that the parties have conferred in good faith regarding Defendants' motion to stay discovery. They met via a videoconference on September 28, 2026, during which Plaintiff's counsel stated that the United States opposes the motion for the same reasons it has opposed the *Colorado* defendants' motion to stay discovery in *United States v. Colorado*, No. 1:26-cv-01950-SKC-TPO (D. Colo.).

Dated: September 28, 2026

s/ William J. Taylor, Jr.
William J. Taylor, Jr.

## CERTIFICATE AS TO ARTIFICIAL INTELLIGENCE USAGE

I hereby certify that no portion of this filing was drafted by Artificial Intelligence.

Dated: September 28, 2026

s/ William J. Taylor, Jr.
William J. Taylor, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2026, I served a true and complete copy of the foregoing DEFENDANTS' MOTION TO STAY DISCOVERY upon all parties herein by e-filing with the CM/ECF system maintained by the Court, which will send notification of such filing to the parties of record.

Dated: September 28, 2026

s/ William J. Taylor, Jr.
William J. Taylor, Jr.