**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 26-cv-01929-SKC-TPO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, and
DENVER POLICE DEPARTMENT,

Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

---

Defendants respectfully submit this response to the United States's Notice of Supplemental Authority regarding a recent order in *United States v. Los Angeles County Sheriff's Department*, No. 2:25-cv-09323 (C.D. Cal. Sept. 23, 2026) ("*United States v. LASD*"), *see* Dkt. 46.

As an initial matter, the United States's submission violates this Court's Uniform Civil Practice Standards, which provide that any notice of supplemental authority "shall be limited to the identification and attachment of the new legal authority." SKC Civ. Practice Standard 10.1(d). While a notice "may identify the relevant issue," it "may not include any additional or new argument." The United

States's attempt to make such argument in their Notice is thus improper. If the United States wished to submit additional legal argument based on the order in *United States v. LASD*, it should have sought leave from this Court to do so.

Even if the United States's new argument were properly before the Court, it is unavailing.[1] The United States asserts that the district court's order entering the parties' settlement agreement in *United States v. LASD* "is relevant to the pending Rule 12 motion in this case as it demonstrates that federal courts have subject-matter jurisdiction over Second Amendment claims under 34 U.S.C. § 12601." Dkt. 46 at 1. But Defendants have never argued that federal courts lack jurisdiction over Second Amendment claims under Section 12601, or that the statute is inapplicable to violations of Second Amendment rights. *See* Dkt. 45 at 2.[2]

Instead, as Defendants have explained, what Section 12601 does not authorize is a facial constitutional challenge to a state or local law as written. *See* Dkt. 33 at 16-29; Dkt. 45 at 4-16. Nothing in *United States v. LASD* affects that.

[1] Given the United States's inclusion of improper legal argument in their Notice, Defendants respond briefly here. Should the Court strike or otherwise disregard the United States's Notice, this responsive argument can be disregarded.

[2] The United States's invocation of subject-matter jurisdiction on this point is particularly puzzling. Defendants' only jurisdictional argument in support of their motion to dismiss is that "the United States lacks standing as a matter of law because it has failed to demonstrate redressability" due to its failure to challenge in this case Colorado's separate state-law prohibition on the possession of large-capacity magazines. Dkt. 33 at 2; *see id.* at 13-16; Dkt. 45 at 2-4. This jurisdictional deficiency has nothing to do with the scope of Section 12601.

The United States's complaint in that case alleged a "systematic practice of delaying the processing of concealed carry weapon permit applications." *United States v. LASD*, Dkt. 1 ¶ 33. It did not claim that any law was unconstitutional, let alone facially. Nor does the so-ordered settlement agreement in *United States v. LASD* enjoin the enforcement of any law. Indeed, far from supporting the United States's arguments regarding the scope and meaning of Section 12601, the settlement agreement—which the United States did not include with its Notice—expressly states that "[n]othing in this [a]greement will be construed as an acknowledgment, agreement, admission, statement, or evidence of liability of LASD, or any of its deputies or officials, under 34 U.S.C. § 12601." Ex. 1, *Id.*, Dk. 36 ¶ 4.

In sum, the United States's Notice of Supplemental Authority should be disregarded because it improperly raises argument, and, in any event, that argument is both inapposite and meritless.

Dated: October 1, 2026

Respectfully submitted,

s/ William J. Taylor, Jr.
Janet Carter
William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue
P.O. Box 4184
New York, NY 10163
(646) 324-8215
jcarter@everytown.org
wtaylor@everytown.org

Michiko A. Brown
City Attorney
CITY AND COUNTY OF DENVER
201 West Colfax Avenue
Suite 1207
Denver, CO 80202
(303) 912-5813
michiko.brown@denvergov.org

Carey R. Dunne
Zack Goldberg
Martha Reiser
FREE AND FAIR LITIGATION
GROUP, INC.
266 West 37th Street, 20th Fl.
New York, NY 10018
(646) 434-8604
carey@freeandfair.org
zack@freeandfair.org
martha@freeandfair.org

**CERTIFICATE AS TO ARTIFICIAL INTELLIGENCE USAGE**

I hereby certify that no portion of this filing was drafted by Artificial Intelligence.

Dated: October 1, 2026

s/ William J. Taylor, Jr.
William J. Taylor, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2026, I served a true and complete copy of the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY upon all parties herein by e-filing with the CM/ECF system maintained by the Court, which will send notification of such filing to the parties of record.

Dated: October 1, 2026

s/ William J. Taylor, Jr.
William J. Taylor, Jr.