**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:26-cv-01929-SKC-TPO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, and
DENVER POLICE DEPARTMENT,

Defendants.

---

**DENVER'S RESPONSE TO ORDER TO SHOW CAUSE**

---

Defendants the City and County of Denver, Colorado and the Denver Police Department (collectively, "Denver") respectfully submit this response to the Court's Order to Show Cause, directing that the parties provide their positions as to whether this case should be consolidated with *United States v. Colorado*, No. 1:26-cv-01950-SKC-TPO (D. Colo.). Dkt. 56.

On October 23, 2026, Plaintiff United States of America (the "United States") submitted its response to the Order to Show Cause, "agree[ing] that th[e] case[s]

should be consolidated." Dkt. 57.[1] Denver does not object to consolidating this case with *United States v. Colorado* for the purposes of allowing the Court to resolve Denver's pending motions to dismiss, Dkt. 33, and to stay discovery, Dkt. 50, together with the similar motions filed by defendants the State of Colorado and the Colorado Department of Public Safety (collectively, "Colorado") in *United States v. Colorado*, No. 1:26-cv-01950-SKC-TPO, Dkts. 30, 39. Denver submits that the Court should defer any further ruling on consolidation for any other purposes until after it resolves those two pending motions.

"Rule 42(a) of the Federal Rules of Civil Procedure permits the court to consolidate separate actions 'involving a common question of law or fact.'" *Superfast GMBH v. Oliver*, No. 1:25-cv-02994-SKC-STV, 2026 WL 2149318, at *1 (D. Colo. July 27, 2026). In such circumstances, "the court may consolidate actions or issue any other orders to avoid unnecessary cost or delay." *Gilles v. Ocwen Loan Servicing LLC*, No. 1:21-cv-01825-RM-KMT (lead), 2021 WL 3773644, at *1 (D. Colo. Aug. 25, 2021). "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall v. Hall*, 584 U.S. 59, 70 (2018) (citation omitted). "District courts

[1] The Court issued a near-identical Order in *United States v. Colorado*, No. 1:26-cv-01950-SKC-TPO, Dkt. 46, and the United States filed a near-identical response in favor of consolidation, *id.* Dkt. 47.

enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Id.* at 77; *see also, e.g.*, *Wells ex rel. Molycorp, Inc. v. Smith*, No. 1:12-cv-00447-WJM-KLM (lead), 2014 WL 3881496, at *3 (D. Colo. Aug. 7, 2014) (explaining that cases were consolidated for pretrial matters, while deferring any ruling on further consolidation).

Denver does not dispute that this case and *United States v. Colorado* share certain "common question[s] of law or fact." Fed. R. Civ. P. 42(a).[2] The two cases also have notable differences.[3] But consolidation does not require that cases be

---

[2] In both cases, the United States alleges a single claim under 34 U.S.C. § 12601, challenging laws restricting assault weapons and/or large-capacity magazines as unconstitutional under the Second Amendment. *See* First Am. Compl., Dkt. 31 ("FAC") ¶¶ 4, 7-8, 16-17, 22-23, 34-35, 37, 40, 52, 55-57; Compl., *United States v. Colorado*, No. 1:26-cv-01950-SKC-TPO (D. Colo. May 6, 2026), Dkt. 1 ("*Colorado* Compl.") ¶¶ 4, 6, 14-15, 21, 42, 58, 61-63. Denver and Colorado have both filed motions to dismiss the United States's claim, raising similar statutory and pleading arguments. *See* Defs.' Mot. Dismiss First Am. Compl., Dkt. 33 ("MTD") 16-30; Defs.' Reply Supp. Mot. Dismiss First Am. Compl., Dkt. 45 ("MTD Reply") 4-19; Mot. Dismiss, *United States v. Colorado*, No. 1:26-cv-01950-SKC-TPO (D. Colo. June 30, 2026), Dkt. 30 ("*Colorado* MTD") 11-22, 30; Reply Supp. Defs.' Mot. Dismiss, *United States v. Colorado*, No. 1:26-cv-01950-SKC-TPO (D. Colo. Aug. 14, 2026), Dkt. 38 ("*Colorado* MTD Reply") 2-17, 20. Additionally, both have filed similar motions to stay discovery pending resolution of the motion to dismiss. *See* Defs.' Mot. Stay Discovery, Dkt. 50; Defs.' Reply Supp. Mot. Stay Discovery, Dk. 54; Defs.' Mot. Stay Discovery, *United States v. Colorado*, No. 1:26-cv-01950-SKC-TPO (D. Colo. Aug. 14, 2026), Dkt. 39; Defs.' Reply Supp. Mot. Stay Discovery, *United States v. Colorado*, No. 1:26-cv-01950-SKC-TPO (D. Colo. Aug. 28, 2026), Dkt. 42.

[3] The defendants are different in each case. The United States challenges different laws as unconstitutional in each case: in this case, Denver's restrictions on assault weapons and large-capacity magazines, *see, e.g.*, FAC ¶¶ 4, 7-8; in *United States v. Colorado*, the state-law restriction on large-capacity magazines, *see, e.g.*, *Colorado* Compl. ¶¶ 4, 6. And Denver and Colorado raise different standing

identical—and, importantly, "does not merge separate suits into one cause of action," *Wu v. Bernhardt*, 820 F. App'x 669, 672 (10th Cir. 2020) (quoting *Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982)). In particular, actions "do 'not lose their separate identities because of … consolidation' under Rule 42(a)," and "[e]ach case … must be considered separately to determine whether or not th[e] Court has jurisdiction to consider its merits." *Hall*, 584 U.S. at 76-77 (citation omitted). Denver thus agrees that the similarities between this case and *United States v. Colorado* support consolidation here for certain purposes, "so that the business of the court may be dispatched with expedition and economy while providing justice to the parties," *Superfast*, 2026 WL 2149318, at *1 (citation omitted).

Accordingly, Denver does not object to consolidating this case with *United States v. Colorado* for the purposes of allowing the Court to resolve Denver's pending motions to dismiss and to stay discovery together with the similar motions filed by Colorado in *United States v. Colorado*. Denver submits that the Court should defer any further ruling on consolidation for any other purposes until after it resolves those pending motions.

---

arguments in support of dismissal in each case. *See* MTD 13-16; MTD Reply 2-4; *Colorado* MTD 23-30; *Colorado* MTD Reply 17-20.

Dated: October 30, 2026

Respectfully submitted,

s/ William J. Taylor, Jr.

Janet Carter
William J. Taylor, Jr.
EVERYTOWN LAW
450 Lexington Avenue
P.O. Box 4184
New York, NY 10163
(646) 324-8215
jcarter@everytown.org
wtaylor@everytown.org

Carey R. Dunne
Zack Goldberg
Martha Reiser
FREE AND FAIR LITIGATION GROUP, INC.
266 West 37th Street, 20th Fl.
New York, NY 10018
(646) 434-8604
carey@freeandfair.org
zack@freeandfair.org
martha@freeandfair.org

Michiko A. Brown
City Attorney
CITY AND COUNTY OF DENVER
201 West Colfax Avenue
Suite 1207
Denver, CO 80202
(303) 912-5813
michiko.brown@denvergov.org

**CERTIFICATE AS TO ARTIFICIAL INTELLIGENCE USAGE**

I hereby certify that no portion of this filing was drafted by Artificial Intelligence.

Dated: October 30, 2026

s/ William J. Taylor, Jr.
William J. Taylor, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, I served a true and complete copy of the foregoing DENVER'S RESPONSE TO ORDER TO SHOW CAUSE upon all parties herein by e-filing with the CM/ECF system maintained by the Court, which will send notification of such filing to the parties of record.

Dated: October 30, 2026

s/ William J. Taylor, Jr.
William J. Taylor, Jr.